IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-615-BO

| | |
|---|---|
| TERENCE GRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross motions for judgment on the pleadings [DE 21, 22]. For the reasons detailed below, plaintiff's motion is DENIED and defendant's motion is GRANTED. The decision of the Commissioner is AFFIRMED.

## BACKGROUND

On March 24, 2010, plaintiff applied for supplemental security income ("SSI") based on disability, under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383f. After his application was denied initially and upon reconsideration, a hearing was held before an Administrative Law Judge ("ALJ") on February 8, 2012. On May 3, 2012, the ALJ issued a decision denying the claims. The Appeals Council denied Mr. Gray's request for review thereby rendering the ALJ's decision the final decision of the Commissioner. *Pro se* plaintiff now seeks judicial review of the ALJ's decision pursuant to 42 U.S.C. §§ 405(g), 1383(c).

## MEDICAL HISTORY

Mr. Gray claims he is disabled due to depression, chronic pain, asthma, a personality disorder, hypertension, renal insufficiency, heart murmur, myopia, pain in his lower back, right hip, and neck, and left ventricular hypertrophy. [Tr. 171, 295]. The relevant period of time in this case is from March 24, 2010 (the date of plaintiff's SSI application) through May 3, 2012 (the date of the ALJ's decision.

In June 2007, plaintiff was involved in a motor vehicle accident and was treated for back and left arm injuries. [Tr. 337–40]. Plaintiff complained of neck and back pain and, in July 2007, was diagnosed with sprains in the neck and back, muscle spasms, joint pain, and elevated blood pressure. [Tr. 354–56]. In December 2008, plaintiff was involved in another motor vehicle accident. [Tr. 370]. Although no acute trauma was present, plaintiff was hospitalized for abnormal heart readings and hypertension. [Tr. 382]. At discharge he was diagnosed with a hypertensive emergency that was treated with medications, anemia, cough, tobacco use, and stable asthma. [Tr. 370].

Plaintiff began going to the Veterans Affairs Medical Center ("VAMC") in Asheville for primary care in February 2009. [Tr. 569]. It was noted that he had "asymptomatic" hypertension, chest pain, asthma, neck and back pain, and poor dentition. [Tr. 570]. He was prescribed hypertension medications, but did not take them as directed. [Tr. 560]. Subsequent VA notes through June of 2009 document diagnoses of mild emphysema (treated with inhalers) [Tr. 553], a heart that was working well but had a murmur that was not causing problems and did not require treatment [Tr. 550; 538], and possible sleep apnea. [Tr. 543]. In August 2009 Plaintiff was diagnosed with depression and was treated with psychotherapy and medication [Tr. 526–27] through October 2009. [*See* Tr. 505–13, 520].

2

In November 2009, plaintiff went to VAMC Asheville's emergency department for complaints of pain in his chest, back, and neck, as well as anxiety and depression. [Tr. 587]. MRIs showed disc disease, and cardiac tests were normal, so plaintiff was scheduled to be discharged. [*Id.*]. However, plaintiff mentioned suicidal ideations and was hospitalized. [*Id.*]. At discharge in December 2009, plaintiff was diagnosed with major depressive disorder, personality disorder, chronic pain disorder, hypertension, renal insufficiency, COPD/asthma, heart murmur, myopia, LVH, and pain in the low back, right hip, and neck. [Tr. 588].

Throughout the relevant period plaintiff was seen by a variety of physicians and psychiatrists and had his record evidence reviewed on several occasions. The doctors listed his impairments as minimal to mild for the most part with some areas of moderate limitations. [Tr. 1092]. Physically plaintiff was limited to lifting/carrying 50 pounds occasionally and 25 pounds frequently, standing or walking for 6 hours in an 8 hour workday, and sitting for 6 hours in an 8 hour workday. [Tr. 1107–08]. Plaintiff was also to avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation and hazards. [Tr. 1108].

## DISCUSSION

Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing *Richardson v. Pearles*, 402 U.S. 389, 390 (1971)). "'[S]upported by substantial evidence' means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Pearles*, 402 U.S. at 401). Regulations establish a five-step sequential evaluation process to be followed when determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520 and 416.920.

3

"The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five." *Rogers v. Barnhart*, 216 Fed. App'x 345, 348 (4th Cit. 2007) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

It is unclear at exactly which step in the process plaintiff claims the ALJ erred. Plaintiff's supporting memorandum [DE 21] complains that the ALJ's decision is not based on the facts and claims that physician testimony says that he is unemployable and that he takes 19 medications a day some of which make him drowsy. However, a review of the evidence in the record shows that the decision of the Commissioner is supported by substantial evidence and correct legal standards were used.

The ALJ found that plaintiff's impairments limited him to medium work with only occasional climbing, balancing, stooping, kneeling, crouching, and crawling, only occasional exposure to fumes, dust, gas, poor ventilation, unprotected heights, and mechanical parts, and only simple, routine, repetitive tasks with a specific vocational profile of 1 or 2, low stress, no production or pace work deadlines with a predictable schedule, and frequent but not constant interaction with supervisors, co-workers, and the general public. [Tr. 59–60].

The ALJ's finding is supported by all of the medical opinions as to plaintiff's functional limitations. As to plaintiff's physical functional limitations, state agency physicians found that plaintiff was less limited than the ALJ ultimately found. The medical opinions in the record constitute substantial evidence and support the ALJ's findings.

Plaintiff's complaints of drowsiness are not supported by the medical evidence from the relevant period either by treatment notes or examination reports. Further, plaintiff's own statements regarding his daily activities do not support his claim of disabling drowsiness.

4

Plaintiff complains that he was deemed "unemployable" during his 32 day hospitalization in Asheville, but the medical records from the hospitalization do not support that. While noting that he was unemployed [Tr. 607], there is no opinion that he is unemployable.

Further, the ALJ's determination that plaintiff could perform a significant number of other jobs existing in the national economy is supported by substantial evidence. A Vocational Expert testified at the ALJ's hearing. The expert testified that, for an individual of plaintiff's age, education, work experience, and functional limitations as found by the ALJ, such an individual could perform work existing in the national economy. [Tr. 59–60]. The VE identified examples of such work and testified to the numbers of existing jobs both nationally and state-wide. [*Id.*]. This is substantial evidence that supports the ALJ's decision.

It is clear that the ALJ's finding is supported by substantial evidence in the record and therefore the Court affirms the final decision of the Commissioner.

## CONCLUSION

For the reasons outlined above, defendant's motion for judgment on the pleadings is GRANTED and plaintiff's motion is DENIED. The decision of the Commissioner is AFFIRMED. The clerk is directed to close the file.

SO ORDERED.

This, the __6__ day of March, 2014.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE