IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-615-BO

| | |
|---|---|
| TERENCE GRAY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____) | **O R D E R** |

This matter is before the Court on plaintiff's motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [DE 27]. Defendant did not respond, and the time for doing so has expired making the matter ripe for ruling. For the reasons discussed below, plaintiff's motion is DENIED.

## BACKGROUND

On March 24, 2010, plaintiff applied for supplemental security income ("SSI") based on disability, under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383f. After his application was denied initially and upon reconsideration, a hearing was held before an Administrative Law Judge ("ALJ") on February 8, 2012. On May 3, 2012, the ALJ issued a decision denying the claims. The Appeals Council denied Mr. Gray's request for review thereby rendering the ALJ's decision the final decision of the Commissioner. This Court affirmed the decision of the Commissioner on March 7, 2014. *Pro se* plaintiff now moves for reconsideration of that order.

## DISCUSSION

In order to succeed on a motion pursuant to Federal Rule of Civil Procedure 59(e), the movant must demonstrate that the judgment under reconsideration should be altered or amended. The Fourth Circuit has identified three circumstances that justify altering or amending a judgment: (1) to incorporate an intervening change in the law, (2) to incorporate new evidence which was unavailable when the court made its decision, and (3) to rectify a clear legal error or prevent manifest injustice. *See Bogart v. Chappell*, 396 F.3d 548, 555 (4th Cir. 2005) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1996)). Plaintiff appears to contend that denying him benefits constitutes a manifest injustice.

The Court found that substantial evidence supported the ALJ's decision that there are jobs available in the national economy which plaintiff can perform. Plaintiff now argues that evidence in the record has been overlooked and the Court has been misled as to the extent of plaintiff's disability. Upon consideration and review of the arguments and administrative record, the Court does not find that it has reached the wrong decision in affirming the Commissioner.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [DE 27] is DENIED.

SO ORDERED, this 16 day of April, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2
Case 5:13-cv-00615-BO   Document 30   Filed 04/17/14   Page 2 of 2